**Marie Merlyse CHARLYS, Petitioner,**

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**
Respondent.

No. 04–5377–ag.

United States Court of Appeals, Second Circuit.

Nov. 28, 2006.

Nicholas J. Mundy, Kuba, Mundy & Associates, New York, NY, for the Petitioner.

Pamela J. Thompson, Assistant, United States Attorney (Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, on the brief), Detroit, MI, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. PETER W. HALL, Circuit Judges and Hon. JOHN GLEESON, District Judge.*

### SUMMARY ORDER

Marie Merlyse Charlys petitions for review of a September 15, 2004 order of the Board of Immigration Appeals ("BIA") dismissing her appeal from, and adopting and affirming, the decision of Immigration Judge ("IJ") Helen Sichel denying Petitioner's motion to reopen removal proceedings and to reconsider the final order of

---

* The Honorable John Gleeson, District Judge for the Eastern District of New York, sitting by designation.

removal issued in April 1998. *In re Marie Merlyse Charlys*, No. A73 548 404 (B.I.A. Sept. 15, 2004), *aff'g* No. A73 548 404 (Immig. Ct. N.Y. City May 16, 2003). Petitioner challenges the determination that her motion was untimely and that she was not entitled to equitable tolling based on prior counsel's alleged ineffectiveness. We assume the parties' familiarity with the facts and procedural history.

 Neither the BIA nor the IJ abused their discretion in the instant case. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). The motion was clearly untimely under the applicable rules. *See* 8 C.F.R. § 1003.2(b)(2), (c)(2). The BIA reasonably decided that equitable tolling was not warranted because Petitioner failed to establish that: (1) prior counsel's conduct violated her due process rights; and (2) she exercised due diligence in pursuing the case during the five-year delay in question. *Iavorski v. INS*, 232 F.3d 124, 135 (2d Cir.2000).

 First, as noted by the IJ, Petitioner failed to prove that she was the mother of the person alleged to be her daughter due to discrepancies between the submitted birth certificate, laboratory report, asylum application and hearing testimony. Accordingly, counsel's decision to withdraw the application for cancellation of removal was not unreasonable, much less egregious. Second, even assuming that her due process rights were violated, Petitioner failed to present any evidence to the BIA indicating that she had thereafter acted diligently in pursuing the case. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006).

Petitioner alleges before this Court that new counsel was appointed in December 1999 and that her immigration file was not received by counsel until August 2002. Even if this information had been presented to the BIA, which it was not, the BIA's decision would nonetheless be reasonable. Assuming arguendo that new counsel had no inkling of the ineffective assistance of prior counsel until August 2002 (upon receipt of the immigration file), Petitioner fails to explain adequately the subsequent delay of approximately seven months in filing the motion to reopen and reconsider. The excuse that counsel was waiting for documents from Haiti and a laboratory report does not suffice. Counsel should have known immediately upon discovering the alleged ineffective assistance of prior counsel that time was of the essence in filing a motion to reopen proceedings.

For the reasons stated above, the petition for review is hereby **DENIED.**